NO. 07-02-0253-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 1, 2002

_____

BETTY ANN NEWBY, APPELLANT

V.

DAN MOSER, INDIVIDUALLY AND AS TRUSTEE; MOSER INVESTMENTS;
THE ESTATE OF LON MOSER, DECEASED; AND SHERIA EVANS, APPELLEES

_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 34,920; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before REAVIS and JOHNSON, JJ. and BOYD, S.J.[*]

**DISMISSAL**

_____

*John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Appellant Betty Ann Newby filed a notice of appeal challenging numerous orders of the trial court.  On June 26, 2002, the trial court sustained the contest filed by two court reporters to Newby's affidavit of indigence.  On July 30, 2002, Newby filed a *pro se* document in this Court seeking an extension of time on behalf of the trial court clerk contending that the trial court clerk should not be permitted to request payment for the record because she did not file a contest to her affidavit of indigence.  However, because the motion was not accompanied by the required filing fee, no ruling will be made regarding that motion.

By letter dated September 13, 2002, this Court notified Newby to make satisfactory arrangements to pay for the clerk's record within ten days or the appeal would be subject to dismissal.  Although the Texas Rules of Appellate Procedure now impose the duty of filing the record with the trial court clerk, Newby must pay the clerk's fee or make satisfactory arrangements with the clerk to pay the fee.  Tex. R. App. P. 35.3(a)(2).  Pursuant to Rule 37.3(b), this Court may dismiss the appeal for want of prosecution if, due to appellant's fault, the trial court clerk fails to file the clerk's record.  Furthermore, under Rule 42.3(c) this Court may dismiss an appeal, after giving ten days notice, for Newby's failure to comply with a notice from the Clerk requiring a response within a specified time.

Accordingly, because Newby did not comply with this Court's directive, the appeal is hereby dismissed for want of prosecution and for failure to comply with a notice from the Clerk of this Court.  Tex. R. App. P. 42.3(b) & (c). Our disposition of this appeal renders the motion for extension of time filed by the court reporter moot.

Don H. Reavis
Justice

Do not publish.